UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| THOMAS REAMER on Behalf of Himself and All Others Similarly Situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:14-CV-1601 JD |
| | ) | |
| ZOLMAN TIRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is a joint motion pursuant to Rule 23 of the Federal Rules of Civil

Procedure for conditional certification of the class and preliminary approval of the proposed

settlement [DE 36; DE 37], as supplemented [DE 40; DE 41]. Therein, the parties seek

conditional certification of a class consisting of current and former employees of Defendant

Zolman Tire, Inc. ("Zolman"), who had monies deducted from their wages for uniform rental or

cleaning between May 6, 2012 and May 31, 2014.[1] The parties also request the Court's

preliminary approval of the class settlement as set forth in the Settlement Agreement [DE 36-1]

("Settlement Agreement") signed by Zolman's President Nathan Zolman, representative plaintiff

Thomas Reamer ("Reamer"), and Roland Weldy of Weldy & Associates ("Class Counsel"). In

addition, the parties want the Court to approve the amended Notice of Class Settlement [DE 41-

1], the Opt-Out Form [DE 37 at 21, Exb. 5], and the amended Release of Claims Form [DE 41-

2].

As a preliminary matter, to address jurisdictional issues raised by the Court in a status

conference held on November 4, 2014, the parties have stipulated [DE 40] to the withdrawal of

---

[1]Since May 31, 2014, Zolman has changed its wage deduction practices.

Zolman's offer of judgment upon the Court's final approval of the parties' Proposed Settlement. *See Damasco v. Clearwire Corp.*, 262 F.3d 891 (7th Cir. 2012). Accordingly, Reamer's motion to strike the offer of judgment is DENIED WITH LEAVE TO REINSTATE the motion [DE 13], in the event that the offer of judgment is not ultimately withdrawn. Any response to the offer of judgment shall not be due until further order of the Court, not to exceed 14 days after notice is provided to the parties by the Court in the event that the class action settlement will not be finally approved. In addition, in light of the joint motion to conditionally approve the class certification, Reamer's initial motion to certify the class is DENIED WITH LEAVE TO REINSTATE the motion [DE 7] as of the date upon which it was originally filed. Finally, the Court would note that during the November 4 status conference, counsel agreed that for the purpose of settlement, Reamer is an adequate class representative[2] and that a pre-certification hearing is unnecessary given that the parties' submissions adequately allow the Court to determine that the proposed settlement is "within the range of possible approval" and there is reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. *See Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982).

## CLASS CERTIFICATION

This class action seeks to recover monetary damages on behalf of all current and former employees (collectively "Proposed Class") who worked in Indiana for Zolman, an automotive repair, tire, and wheel retailer located in Indiana and Michigan, who have had monies deducted from their wages for uniform rental or cleaning between May 6, 2012 and May 31, 2014, by Zolman in violation of Indiana's Wage Payment Statute, Ind. Code § 22-2-5 *et seq*. and Wage Deduction Statute, Ind. Code § 22-2-6 *et seq*. Reamer also stands to recover on his individual

---

[2]Zolman's counsel confirmed that it knows of no reason why Reamer would not be a proper class representative, but reserved the right to contest the viability of his claims and representative status should the settlement not be finally approved.

claim under the same statutes for deductions taken from his wages by Zolman for training costs and on his individual claim under the Fair Labor Standards Act ("FLSA") for Zolman's failure to pay Reamer certain overtime wages. *See* 29 U.S.C. § 207(a)(1) (requiring overtime pay of at least one and one-half times an employee's regular rate of pay). The parties agree, and the Court finds, that jurisdiction over the case is proper under 28 U.S.C. §§ 1331 and 1367.

Relative to the class action claim under Indiana law, the Court of Appeals of Indiana has specifically held that an employer is only permitted to deduct monies from the wages of an employee for a purpose delineated by the Wage Deduction Statute located at Ind. Code § 22-2-6-2. *E&L Rental Equipment, Inc. v. Bresland*, 782 N.E.2d 1068, 1070-71 (Ind. Ct. App. 2003). To be valid, an assignment of wages must be in writing, signed by the employee, and revocable at any time by the employee upon written notice to the employer, and agreed to in writing by the employer. *Id.* In *Bresland*, the Court of Appeals held that an employer is liable pursuant to the Wage Payment Statute for failure to timely pay all wages in the correct amount when a deduction is made in violation of the Wage Deduction Statute. *Bresland*, 782 N.E.2d at 1070-71.

Although Zolman does not concede liability and believes that the deductions were legal (and thus Zolman could have asserted such a counterclaim),[3] the amount of the Proposed Settlement reflects the parties' agreement relative to the value of settling at an early stage while avoiding protracted ligation on such issues. *See, e.g., St. Vincent Hosp. and Health Care Center, Inc. v. Steele*, 766 N.E.2d 699, 706 (Ind. 2002) (Boehm, J., concurring) ("[T]he vast majority of workers [ ] are dependent on their paychecks for their day-to-day expenses. These employees need the money currently, not at the end of protracted litigation, and often do not have the economic staying power to engage in a court battle over relatively small amounts . . .".). In summary, Zolman has agreed to pay a total of $27,357.59 to the Proposed Class (not including

---

[3]Zolman did not require employees to wear uniforms, and thus employees would still owe Zolman for uniform costs paid on their behalf by Zolman.

Reamer's recovery, as separately detailed below), which includes 70 current and former employees. The settlement amount to the Proposed Class includes one hundred percent of wages deducted and about one third of the maximum liquidated damages available under Ind. Code § 22-2-5-2, [4] which indicates that liquidated damages are to be paid in an amount of ten percent owed, but not to exceed double the amount of wages due. As for the class representative, Thomas Reamer, a former employee of Zolman employed between October 26, 2011 and November 8, 2013, he will recover $2,731.68. Not only will he recover one hundred percent of his deducted wages for uniform related expenses, he will also receive $220 for non-uniform related (or training) deductions, $375.84 in unpaid overtime under the FLSA, along with one hundred percent of the liquidated damages for all of his claims against Zolman. The parties' amended Notice of Class Settlement and Settlement Agreement make clear what Reamer, as the representative plaintiff, will receive from the settlement [DE 36-1 at 12; DE 41-1 at 3-4, §§ 3.d, 3.e]. With approximately $16,600.00 in attorney fees and costs (as disclosed in the amended Notice of Class Settlement [DE 41-1 at 3-4, §§ 3.c, 3.j-l]), the total settlement is valued at roughly $46,000.00.

Conditional certification of the class is jointly sought pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

Federal Rule of Civil Procedure 23 governs the certification of class actions in federal court. It allows a member of a class to sue as a representative party on behalf of all the class members if:

(1)     the class is so numerous that joinder of all members is impracticable;
(2)     there are questions of law or fact common to the class;
(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

---

[4] The specific amount to be paid to each Proposed Class member is set forth in Exhibit 1 [DE 37 at 2-3].

(4)      the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If all of these prerequisites are met, a court must also find that at least one of the subsections of Rule 23(b) is satisfied.  Pertinent to this case, Rule 23(b)(3) states:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> (A)      the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B)      the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C)      the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D)      the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

The United States Supreme Court has made clear that the district court is to perform a "rigorous analysis" to determine that the prerequisites of Rule 23 are satisfied when a class is to be certified because actual, not presumed, conformance with Rule 23(a) remains indispensable. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982). For a class to be certified, each requirement of Rule 23(a), that is, numerosity, commonality, typicality, and adequacy of representation, must be satisfied, as well as, one subsection of Rule 23(b). Fed. R. Civ. P. 23; *Harper v. Sheriff of Cook Cnty.*, 581 F.3d 511, 513 (7th Cir. 2009). "Failure to meet any of the Rule's requirements precludes class certification." *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008).  A district court has broad discretion to determine whether certification of a class action lawsuit is appropriate. *Arreola*, 546 F.3d at 794.

The parties agree, and the Court finds, that they have satisfied Rule 23(a)(1)–(4) and Rule 23(b)(3).

1.      Numerosity

The first requirement under Rule 23(a) is that the purported class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To be impracticable, joinder need not be impossible, but instead must be shown to be inconvenient and difficult. *See* 32B Am. Jur. 2d  Federal Courts, When Joinder is Impracticable § 1608 (2014).  When determining if joinder of all class members is impracticable, the court may consider many factors, including: the class size; judicial economy arising from the avoidance of a multiplicity of actions; the ease of identification of members of the proposed class; the geographic dispersion of class members; the inconvenience of trying individual suits; the nature of the action; the size of each plaintiff's claim; the financial resources of the class members; requests for prospective injunctive relief which would involve future class members; and any other factors relevant to the practicability of joining all the class members. *Id.*  A court must rely on simple common sense when determining whether a class size meets the numerosity requirement. *See Flood v. Dominguez*, 270 F.R.D. 413, 417 (N.D. Ind. 2009) (citing *Redmon v. Uncle Julio's of Ill., Inc.*, 249 F.R.D. 290, 294 (N.D. Ill. 2008)).  Generally speaking, when the putative class consists of more than 40 members, numerosity is met, but there is nothing magical about that number.  *See id.* (citations omitted).

The Court agrees with the parties that the numerosity requirement is met because discovery already conducted shows that there are 71 identified class members, including Reamer, who are current or former employees of Zolman in Indiana, and had money deducted from their wages for uniform cleaning and rental during the relevant period.  The Court finds that the class size, in addition to the fact that individual claims are small enough to likely inhibit class members from pursuing their own claims [DE 37 at 2-3], renders joinder impracticable.  Moreover, by joinder of each plaintiff, problems with management and administration would be rendered extremely cumbersome and difficult, such as by requiring service of separate notice and

pleadings and entry of a separate order as to each joinder. Joinder would tend to result in multiplicity and a waste of judicial resources, factors which Rule 23 seeks to prevent. Accordingly, the numerosity requirement has been met.

2.      Commonality

The second requirement under Rule 23(a) is the need to have "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Claims of individual class members may arise from a "common nucleus of operative fact," which is typically satisfied where the defendant engaged in standardized conduct towards members of the proposed class. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Class certification cannot be defeated simply because there are some factual variances among the proposed members. *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992).

The commonality requirement is met because the potential class members share a common, if not identical, nucleus of operative facts, in that, the operative facts are the same for every member of the Proposed Class: Zolman deducted monies from its employees' wages for uniform rental and cleaning costs based on the proposed class member's use of uniforms and responsibility for a portion of the costs associated with their use and cleaning, which plaintiffs claim caused wages to be paid untimely or in less than the full amount owed as required by Ind. Code § 22-2-5 *et seq*. According to the proposed class' theory of the case, these are the only undisputed facts necessary to establish liability under the Indiana Wage Deduction and Wage Payment Statutes.[5] For purposes of settlement, Zolman, while not conceding liability, is

_____

[5]Reamer's individual claims do not negate the fact that the class claim under Indiana law for unlawful uniform rental/cleaning deductions meets the requirements for commonality and typicality. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011) ("We consider dissimilarities not in order to determine (as Rule 23(b)(3) requires) whether common questions *predominate*, but in order to determine (as Rule 23(a)(2) requires) whether there *is* '[e]ven a single [common] question.'" (emphasis in original)). The Court later discusses Reamer's individual claims with respect to determining whether questions of law or fact common to the

agreeing to pay the full amount of the wages that were deducted and more than the legally required minimum amount of liquidated damages. Accordingly, the parties have satisfied the element of commonality in that the elements of each cause of action will be common to all of the persons affected given Zolman's standardized conduct towards the members of the Proposed Class.

3.  Typicality

The third requirement under Rule 23(a) is the need to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The question of typicality is closely related to the proceeding question of commonality. *Rosario*, 963 F.2d at 1018. A claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *Id.* Some factual variations may not defeat typicality, rather, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (citations omitted).

Here too, the Court is satisfied that Reamer has raised a claim under Indiana's Wage Payment and Deduction Statutes which is typical of the class' claim which arises from Zolman's same practice or course of conduct—standard wage deductions for uniform rental and cleaning. As such, Reamer's claim based on illegal deductions for uniform rental/cleaning are typical of those of his potential fellow class members, and the typicality requirement has been satisfied.

4.  Adequacy of Representation

The fourth and final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequacy of

---

class members predominate over any questions affecting only individual members, consistent with Fed. R. Civ. P. 23(b)(3). *See infra.*

representation is composed of two parts: "the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest" of the class members. *Retired Chicago Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993). "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario*, 963 F.2d at 1018. Also, counsel for the named plaintiffs must be experienced and qualified and generally be able to conduct the litigation. *See Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 896 (7th Cir. 1981).

Counsel agree that representation of the class by Thomas Reamer is adequate, and rely on Class Counsel's familiarity with similar class action litigation to support their position that Class Counsel will also provide adequate representation of the class interests. The Court concludes that from all appearances Reamer will fairly and adequately represent the class because he has a common interest in the success of the litigation. To the extent that Reamer stands to recover additional monies based on his individual claims, this is fully disclosed in the notice of settlement and these claims do not create a conflict between Reamer's interests and those of the class. Moreover, Class Counsel represents he is experienced in prosecuting class actions under the Wage Payment Statute, and has shown his adept prosecution of this action in an attempt to obtain the most favorable benefits possible for all members of the Proposed Class. The Court believes that the class representative and Class Counsel will protect the due process rights of class members whose rights will be adjudicated despite their absence.

Accordingly, the Plaintiffs have met the adequacy requirement and satisfied all of the Rule 23(a) requirements for class certification.

5. Rule 23(b)(3)

In addition to meeting class certification requirements under Rule 23(a), the proposed class must satisfy the requirements of one of the three subsections of Rule 23(b). "A court

should endeavor to select the most appropriate subsection, not just the first linguistically applicable one in the list." *Jefferson v. Ingersoll Int'l, Inc.*, 195 F.3d 894, 898 (7th Cir. 1999). Counsel agree that the Proposed Class satisfies all of the conditions of Rule 23(b)(3), because the class seeks monetary damages, common issues to the class predominate, and a class action is the superior method of resolving the controversy.

The United States Supreme Court has explained that the "predominance" and "superiority" requirements of Rule 23(b)(3) serve to limit class certification to cases where "a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (citation omitted). "Predominance" tests the "legal or factual questions that qualify each class member's case as a genuine controversy" and is similar to Rule 23(a)(3)'s requirement of typicality. *Amchem Prods.*, 521 U.S. at 623. Relative to superiority, in assessing whether the requirement has been met, courts should consider:

> (A)      the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B)      the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C)      the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D)      the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

In the instant case, even if the amount of damages will vary for each member of the class because employees worked various lengths of time for Zolman during the relevant period, the predominate question in this class claim, common to the proposed class members, is whether Zolman's payroll practice of deducting standard uniform rental/cleaning fees violates the Wage Deduction and Wage Payment Statutes. Resolution of each class member's claim will hinge on

the same operative facts relative to Zolman's standardized conduct. In addition, the wages deducted are easily calculated, as demonstrated by the parties' chart which indicates the amount of deductions and liquidated damages to be paid to each class member [DE 37 at 2-3]. Thus, the significant and common issue of unlawful wage deductions based on uniform rental/cleaning fees outweighs any individualized damages issues, and the Court finds that the Proposed Class is sufficiently cohesive to warrant adjudication by representation. *See Messner v. Northshore University HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012) (citations omitted) ("It is well established that the presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3).").

Further, Reamer's two individual claims resulting in relatively minimal recoveries with respect to illegal deductions for training costs and unpaid overtime, do not negate the fact that questions of law and fact common to the class predominate over any questions affecting his individual claims. In short, Rule 23(b)(3) does not require that common issues be dispositive of the entire litigation or that there be a unanimity of common questions and a total absence of individual questions. *See* 32B Am. Jur. 2d Federal Courts, Considerations in determining predominance § 1723 (2014). In other words, when one or more of the central issues in the action are common to the class and can be said to predominate, the action is proper under Rule 23(b)(3) even though other matters will have to be tried separately. *Id.* Because the class claim concerning alleged unlawful uniform related deductions is not only central to the case, but predominates the litigation, the predominance requirement of Rule 23(b)(3) has been met.

Moreover, the interests of individual class members in controlling the prosecution of their claims does not weigh against class certification. It is doubtful that many individual claims would be pursued in light of the expense of litigation and the documentation showing that separate damage awards will be such that separate lawsuits would be uneconomical for potential

class members.  In addition, there is no indication that other litigation is already pending concerning the controversy, nor is there any indication that resolution of these claims in this Court is undesirable.  Further, no facts indicate that there will be any difficulty managing this class action, especially in light of already identified class members, the easily calculable damages, and the pending settlement.  The personal notice and opt-out requirements of Rule 23(b)(3) will further protect the interests of those who will qualify as class members. Accordingly, resolution of the claims asserted in Reamer's complaint by way of a class action would be superior to other available methods of pursuing these claims.

Because the parties have demonstrated that certification is appropriate pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court ORDERS that this case be preliminarily certified as a class action.

The class action consists of damages sought for the violation of the Indiana's Wage Payment Statute, Ind. Code § 22-2-5 *et seq*. and Wage Deduction Statute, Ind. Code § 22-2-6 *et seq*. wherein, current and former employees who worked in Indiana for Zolman had monies deducted from their wages for uniform rental or cleaning between May 6, 2012 and May 31, 2014.  Specifically, the class certified is comprised of:

> Any individual employed in the State of Indiana by Zolman during any portion of the Claims Period (from and including May 6, 2012 through and including May 31, 2014) who had monies deducted from their wages for uniform rental and cleaning.

Rule 23 requires that a court certifying a class also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B), (g). Class counsel must fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(a)(4). In appointing class counsel, the court must consider the following: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will

commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

No doubt Mr. Weldy has put extensive work into reviewing and investigating the potential claims in this case; he has experience in handling class action litigation and has demonstrated his knowledge of the Indiana Wage Payment and Deduction Statutes; and, he has thus far committed the resources necessary to representing the class and administrating the proposed settlement. No doubt, Mr. Weldy will fairly and adequately represent the interests of the class; and therefore, in compliance with Rule 23(g)(1), it is ORDERED that Ronald Weldy is appointed Class Counsel.

## CLASS NOTICE AND SETTLEMENT

For classes certified under Rule 23(b)(3), the following notice must be given to the class members concerning the class certification:

> [T]he best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
> (i)     the nature of the action;
> (ii)    the definition of the class certified;
> (iii)   the class claims, issues, or defenses;
> (iv)    that a class member may enter an appearance through an attorney if the member so desires;
> (v)     that the court will exclude from the class any member who requests exclusion;
> (vi)    the time and manner for requesting exclusion; and
> (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B); *see Smith v. Shawnee Library System*, 60 F.3d 317, 321 (7th Cir. 1995) (noting that class members of a Rule 23(b)(3) class must receive reasonable notice and an opportunity to opt out, which is an absolute requirement for a court to exercise jurisdiction over those class members) (citations omitted).

And relative to the settlement or compromise of class action claims, as presented by the

parties' proposed Settlement Agreement, Rule 23(e) states:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1)    The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2)    If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3)    The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4)    If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5)    Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

Here, the proposed settlement provides at least 100% reimbursement of the deducted wages along with a portion of the maximum allowable liquidated damages, in accordance with the Indiana Wage Deduction and Payment Statutes. This settlement appears to represent a fair, reasonable, and adequate settlement in light of the possibility of protracted litigation and disputed issues of liability given that Zolman did not mandate the use of uniforms and employees would still owe Zolman for the uniform costs paid on their behalf by Zolman.

The Court having heard the representations of counsel during the status hearing, and having reviewed the Settlement Agreement and other submissions of the parties, and being otherwise fully advised, HEREBY ORDERS, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that:

1.    The representations, agreements, terms, and conditions of the parties' Proposed Settlement, as embodied in the Settlement Agreement [DE 36-1] and Exhibit 1 attached thereto [DE 37 at 2-3], are preliminarily approved pending a final hearing on the Proposed Settlement as provided herein.

2.      As previously indicated, for purposes of the Proposed Settlement only, the Court hereby preliminarily certifies a plaintiff class, pursuant to FED. R. CIV. P. 23(b)(3), as follows:

> Any individual employed in the State of Indiana by Zolman during any portion of the Claims Period (from and including May 6, 2012 through and including May 31, 2014) who had monies deducted from their wages for uniform rental and cleaning.

The foregoing is the "Settlement Class," and its members are "Class Members."

3.      If for any reason the Settlement Agreement ultimately does not become effective, Zolman's conditional withdrawal of its objections to the certification of a settlement class shall be null and void in its entirety; this Order certifying a class shall be vacated; the parties shall return to their respective positions in this lawsuit as those positions existed immediately before the parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or in this Order shall be deemed an admission or waiver of any kind by any of the parties or used as evidence against, or over the objection of, any party for any purpose in this action or in any other action or proceeding of any kind.

4.      Having reviewed the parties proposed forms entitled:

- Amended "Notice of (1) Proposed Class Action Settlement and (2) Final Settlement Approval Hearing" [DE 41-1] ("Notice of Hearing");

- Amended "Claim Form & Release of Claims" [DE 41-2] ("Release of Claims"); and

- "Opt-Out Form" [DE 37]

the Court hereby APPROVES them (except with respect to revisions ordered below) and directs that:

a.  Zolman will provide to Class Counsel a list of the Class Members' last known addresses, within 10 days of entry of this Preliminary Approval Order.  This information is to be used solely for providing notice as directed herein, and as limited

by the parties' Settlement Agreement [DE 36-1 at 6]. Class Counsel shall be responsible for confirming addresses of Class Members, either himself or through a third party, using available reference materials and databases, and for finding addresses of Class Members whose last known address provided by Zolman cannot be confirmed through such process.

b. Class Counsel shall provide notice to Class Members by first class mail via the U.S. Postal Service, to the last known address for each Class Member, within 30 days of entry of this Preliminary Approval Order. Class Counsel's obligation to send this notice will be complete upon mailing. Within 20 days after mailing the notices, Class Counsel shall file with this Court a status report identifying those potential class members that could not be located. The Notice of Hearing form shall be substantially similar to the form provided and approved herein [DE 41-1], EXCEPT the following revisions are ORDERED to be made:

- **Paragraph 1.d shall be modified to read in its entirety:**
  How to Participate in This Settlement. If you wish to receive any monetary benefit from the settlement of this class action, you MUST properly submit the enclosed **Release of Claims Form**. If you do not wish to receive any monetary benefit from the settlement of this class action, you can do nothing, but if you fit the class description then you may forever lose certain rights to compensation (described in § 3.f and 3.g, below) and be bound by the judgment rendered in this lawsuit. If you do not wish to participate in the settlement and do not want to be a Class Member, then you MUST submit the enclosed **Opt Out Form** (described in § 4.f., below).

- **At the end of paragraph 2.c, the following language shall be added:**
  If you are a member of the class, you designate the class representative as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. If you are a member of this class, you are giving the class representative and class counsel the authority to negotiate and accept a settlement of your claims in this matter, subject to objections and the Court's final approval. These decisions and agreements made and entered into by the representative plaintiff will be binding on you if you are a member

of this class.  If you desire, you may also retain a lawyer of your choice and have that lawyer enter an appearance in this case, at your own cost.

- **The last sentence of paragraph 3.k will be modified to read:**
Class Counsel has filed or will file prior to the Final Approval Hearing an Unopposed Motion for Attorney Fees and Costs requesting the Court's approval of this amount.

- **The paragraph on page 6, now incorrectly labeled § 1.e. Opting Out**, shall be labeled § 4.f. Opting Out.

- **At the end of the notice, the following language shall be added:**
This notice has been authorized by the United States District Court for the Northern District of Indiana. The Court has taken no position in this case regarding the merits of the claims, and the Court takes no position on whether any individual should opt-out of the class action.

- **The following deadlines (per the parties' Settlement Agreement) shall be included in the Notice:**

  Pages 3 and 5:     Release of Claims Form to be submitted by **Monday, February 9, 2015.**

  Page 6:                Opt-Out Form to be submitted by **Monday, February 9, 2015.**

  Pages 5 and 6:     Objections to be submitted by **Monday, January 26, 2015.**

  **The date of the final fairness hearing as set forth at the end of this Order shall be included in the Notice in the space provided on page 6**.

c.  The Notice of Hearing mailing shall also include a copy of the "Release of Claims" form and the "Opt-Out Form."  The "Release of Claims" form [DE 41-2] and "Opt-Out Form" [DE 37 at 21] shall be substantially similar to the forms provided and approved herein, EXCEPT the following revisions are ORDERED to be made:

- Relative to the Opt-Out Form, it shall indicate that:
**If you choose to Opt-Out of the Class Action, then this form must be submitted to Weldy & Associates by Monday, February 9, 2015.**

- Relative to the Release of Claims form:

  1) Paragraph 5 shall be revised to read:
  **Fairness of Settlement**.  I acknowledge that I have opted to receive monetary benefits resulting from the settlement of this Class Action and that this settlement is a fair settlement of all my disputed state wage claim(s) against Zolman as identified in the Settlement Agreement on file with the Court.

  2) At the end of the Release of Claims form the following statement must be included:
  **If you wish to receive any monetary benefit from the settlement of this Class Action, then this form must be completed in its entirety and submitted to Weldy & Associates by Monday, February 9, 2015.  Should your claim be rejected (which must occur within 10 days of its receipt), then you have 30 days from receiving notice of its rejection to seek judicial review.**

5.      The Court finds and determines that notice given to Class Members in accordance with paragraph 4 herein constitutes the best notice practicable under the circumstances, given that all potential class members have been identified, and constitutes due and sufficient notice of the matters set forth to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

6.      Any Class Member who objects to the Proposed Settlement and/or the anticipated Fee Petition, and wish to appear at the Final Approval Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why a final judgment should not be entered thereon, must serve and file written objections in the form and manner required by the Notice of Hearing.  Objections must contain the objector' s full name and current address and include any evidence the objector intends to offer in support of the objection. Such objections must be filed with the Court and served upon Class Counsel and counsel for Zolman by the date identified in this Order at the following addresses:

| United States District Court for the | | |
|---|---|---|
| Northern District of Indiana: | Zolman's Counsel: | Class Counsel |
| Clerk | Alison G. Fox | Ronald Weldy |
| United States District Court for the | Faegre Baker Daniels LLP | Weldy & Assoc. |
| Northern District of Indiana | 202 S. Michigan Street | 8383 Craig St. |
| 204 S. Main Street | Suite 1400 | Suite 330 |
| South Bend, IN 46601 | South Bend, IN 46601 | Indianapolis, IN 46520 |

7.     Persons who seek exclusion from the class must send a written request for exclusion using the Opt-Out Form to Class Counsel by the date identified in this Order.  To receive any of the benefits provided for under the settlement, a Class Member must submit a Claim Form to Class Counsel, postmarked (or received by e-mail or fax by Class Counsel) no later than the date identified in this Order.  The notice shall contain these deadlines.

8.     No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in the Action, to any award of Class Representative fees or of attorneys' fees, costs, expenses, and disbursements to Class Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date, required in this Order and the Notice of Hearing form.  Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

9.     A hearing will be held before The Honorable Jon E. DeGuilio, United States District Judge, in his first floor courtroom at the United States Courthouse, 204 S. Main Street, South Bend, Indiana, 46601 at 10:00 a.m. (EDT) on April 15, 2015, ("Final Approval Hearing"), to determine:  (a) whether the Proposed Settlement set forth in the Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether a final judgment should be entered dismissing the claims of Reamer and the Class Members with prejudice and on the merits, as required by the Settlement Agreement; and

(c) whether to approve, with or without modification, the Class Representative's application for an award of Class Representative fees and of attorneys' fees, costs, expenses, and disbursements of Class Counsel (anticipated Fee Petition). The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice.

10. <u>14 days after Opt-Out Forms are due,</u> Class Counsel shall file with the Court a Notice of Class Action Opt-Outs, listing the names of all persons who timely excluded themselves from the Settlement Class by submitting an Opt-Out Form.

11. <u>At least 30 days prior to the Final Approval Hearing,</u> Class Counsel shall file with this Court and serve a declaration certifying that notice has been provided to the Settlement Class as directed in this Order.

12. <u>At least 30 days prior to the Final Approval Hearing,</u> the parties (as agreed upon) are to request Final Approval of the Settlement, with the parties to jointly file a memorandum of points and authorities in support of the motion, and Class Counsel are to file a motion for approval of attorney's fees and costs.

13. From the date of entry of this Order until the Court holds the Final Approval Hearing and determines the matters set forth in paragraph 9 of this Order, all Class Members (except those who have filed a timely objection) shall be barred from asserting against Zolman or its affiliates any claims for which a Release of Claims form will be given, consistent with Section V of the Settlement Agreement, if the Court approves the Proposed Settlement.

14. Upon the entry of final judgment after the Final Approval Hearing, Reamer and all Class Members shall be forever barred from asserting against Zolman or its affiliates any claims that are being released in accordance with Section V of the Settlement Agreement, and Reamer and all Class Members shall be conclusively deemed to have released any and all such claims.

15. Upon the entry of final judgment after the Final Approval Hearing, and upon the date that the settlement becomes Effective within the meaning of the definition of that term in the Settlement Agreement, which will occur on the date upon which the judgment in this action becomes not subject to further appeal or review, only persons who are Class Members, who meet the eligibility criteria set forth in the Settlement Agreement, including submitting a claim form as described in Section III. of the Settlement Agreement, and who have not opted-out shall be entitled to a monetary award as described in Section III., paragraphs 1 and 4 of the Settlement Agreement.

16. The parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Zolman has at all times denied, and continues to deny, any wrongful act or omission alleged by Reamer in this Action and any liability of any sort to Reamer or any member of the Settlement Class. Nothing contained in the Settlement Agreement, or attached Exhibits, or in this Order shall be construed, deemed, or offered as an admission by Zolman, Reamer, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

17. The Court reserves the right to adjourn or continue the Final Approval Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Final Approval Hearing or at any later hearing.

SO ORDERED.

ENTERED: November 13, 2014

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court